Frank BLANKENSHIP, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Civil Action No. 08–AR–0639–S.

United States District Court,
N.D. Alabama,
Southern Division.

Aug. 3, 2011.

John M. Pennington, Pennington Law Firm LLC, Birmingham, AL, for Plaintiff.

James S. Christie, Jr., Bradley Arant Boult, Cummings LLP, Brian M. Vines, Hare Wynn Newell & Newton LLP, Birmingham, AL, Scott B. Smith, Bradley Arant Boult Cummings LLP, Huntsville, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM M. ACKER, JR., District Judge.

Metropolitan Life Insurance Company's appellate lawyers in the above-entitled case, as reflected in West Publishing Company's report of the *Per Curiam* opinion of June 30, 2011, 644 F.3d 1350 (11th Cir. 2011), were Elizabeth J. Bondurant, Smith, Moore, Leatherwood, LLP, Atlanta, GA, James S. Christie, Brian M. Vines, Bradley, Arant, Boult, Cummings, LLP, Birmingham, AL, Teresa Wynn Roseborough, Iole Staples, New York City, Scott Burnett Smith, Bradley, Arant, Boult, Cummings, LLP, Huntsville, AL, and Amelia T. Driscoll, McDowell, Knight, Roedder & Sledge, LLC, Mobile, AL. Only one of these lawyers appeared before the district court. John M. Pennington, sole practitioner, was Frank Blankenship's lawyer in both the district court and the appellate court. He obviously was overwhelmed by the above-described power and experience. This mismatch is just as obvious as was the

mismatch between the highly persuasive opinions of MetLife's "independent", paid non-treating physicians, shared with Met-Life, and the mere opinion of Dr. Robert Bourge, Mr. Blankenship's treating physician and a world renown cardiologist who is head of the Cardiology Department at University of Alabama at Birmingham. It is no wonder that Mr. Pennington did not file an application for rehearing or suggestion of rehearing *en banc.* He knew when he was whipped. Mismatches make bad law. The undersigned will be forgiven for recognizing this truism.

This court cannot help but wonder why the *Per Curiam* court did not mention MetLife's concession, made in this court, that the award of disability benefits to Mr. Blankenship by the Social Security Administration, made after MetLife's denial of Mr. Blankenship's claim, could be considered by the district court as part of the administrative record, and would not require a remand to MetLife for reconsideration in the light of the Social Security's belated finding of total disability.

This court is glad to learn from the *Per Curiam* court a fact that MetLife offered no proof of, and that was not contained in the administrative record, namely, that MetLife has so much money that a mere $500,000 obligation (plus lifetime disability payments to Mr. Blankenship) could not possibly influence it.

 This court, of course, recognizes that the *Per Curiam* court had the right to reach its conclusion with or without mentioning all of the pertinent facts and adding one of its own.

This court is bemused by, but nevertheless expresses its appreciation for, the *Per Curiam* court's affirmance of that wee bit of this court's opinion that was rendered totally moot by the rest of the *Per Curiam* opinion.

And, to think, this court could have avoided providing the vehicle for being reversed and for making bad law by the mere expedient of granting the parties' joint post-judgment motion to vacate. This court looked a gift horse in the mouth. You win some and you lose some.

 Now that this court has briefly commented on the situation in which it finds itself, it will do what was done in 33 A.D. by a certain Roman procurator, who was so revulsed by a judgment with which he did not agree that he "washed his hands" of the entire matter and referred it to others for execution.

In an exercise of the prerogative of a senior judge, the undersigned hereby DIRECTS the Clerk to reassign this case to another judge, and further DIRECTS the Clerk to place Metropolitan Life Insurance Company, and its affiliates, on the permanent recusal list of the undersigned. The undersigned looks forward to learning who is appointed centurion.